BENJAMIN M. MAZLOUM, Respondent, v. NEW YORK, NEW HAVEN & HARTFORD RAILROAD CO., Appellant.— In an action to recover damages for personal injuries, defendant appeals from the judgment in favor of plaintiff, rendered after trial without a jury. Respondent purchased a ticket in South Station, Boston, Massachusetts, for passage on a train of appellant. While walking on a platform in that station to reach the place at which the car was that he wished to board, he fell and was injured, allegedly as a result of an icy and slippery condition on the platform. Judgment reversed on the law, with costs, and the complaint dismissed, with costs. The finding that respondent was free from contributory negligence is affirmed. The finding that the appellant was negligent would be affirmed if the law of Massachusetts imposed liability on the appellant for the condition of the platform. The union passenger station (including the platform) was owned, operated and controlled by the Boston Terminal Company, pursuant to a Massachusetts statute (L. 1896, ch. 516). That statute compels the appellant to use this station. By the decisions of the highest court of Massachusetts, it is held that the relationship of passenger does not arise until the holder of a ticket is about to step on a train in this terminal.

(*Frazier* v. *New York, N. H. & H. R. R. Co.*, 180 Mass. 427; *Hunt* v. *New York, N. H. & H. R. R. Co.*, 212 Mass. 102; *McCabe* v. *Boston Terminal Co.*, 303 Mass. 450, revd. on other grounds, 309 U. S. 624.) Under the law of Massachusetts, as set forth in those decisions, no duty devolved on appellant to maintain or to see to it that the part of the platform at which respondent fell was reasonably safe. The obligation was that of the Boston Terminal Company, which is not a party defendant. Because of the nature of appellant's obligations and duties in this station, it may not be held that its alleged acts or omissions in failing to warn the respondent of the icy condition on the platform and in failing to inspect the platform and take corrective steps subjected it to any liability to respondent. (*Tornroos* v. *White Co.*, 220 Mass. 336; *Bartol* v. *Boston*, 259 Mass. 323; *Frazier* v. *New York, N. H. & H. R. R. Co., supra*; *Hunt* v. *New York, N. H. & H. R. R. Co., supra*; *McCabe* v. *Boston Terminal Co., supra*.) Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.